IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JUSTIN CASTINE, RAYAN BLACK, MARTA-MARTA TABLAS-TOZO, and RENALDO LUNA, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>ACCELORE GROUP, L.L.C., d/b/a ACCELORE SOLUTIONS; and DHL EXPRESS (USA), INC. d/b/a DHL EXPRESS;<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 1:18-CV-496-RP |

## ORDER

Before the Court is the parties' Joint Motion for Approval of Settlement, (Dkt. 20), pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. The motion asks the Court to approve, as fair and reasonable, the proposed confidential settlement agreements reached by the parties. After reviewing the motion, the settlements, the pleadings, the applicable case law, and the case filings, the Court issues the following order.

### I. BACKGROUND

Plaintiffs Justin Castine ("Castine"), Rayan Black ("Black"), Marta-Maria Tablas-Tozo ("Tablas-Tozo"), and Renaldo Luna ("Luna") (collectively, "Plaintiffs") brought this action on behalf of themselves and others similarly situated to recover unpaid overtime compensation from their former employers under the FLSA, 29 U.S.C. § 207. (Am. Compl., Dkt. 5). Plaintiffs worked as delivery drivers or couriers. They allege that Defendants Accelore Group, L.L.C. ("Accelore") and DHL Express (USA), Inc. ("DHL") (collectively, "Defendants") required them to work in excess of 40 hours per week but denied them overtime compensation as required by the FLSA. (Dkt. 5, at 13–

15). Defendant Castine also alleges he was terminated in retaliation for engaging in protected activity by the FLSA. (*Id.* at 16). Plaintiffs moved for conditional FLSA certification, which the Court never resolved. (*See* Dkt. 4). Defendants filed an answer denying the allegations and raising affirmative defenses. (Dkt. 14).

On September 27, 2018, the parties filed a joint motion for approval of settlement. (Dkt. 20). They sought and were granted leave to file confidential settlement agreements for each named plaintiff. (*See* Dkts. 21-1 (Black), 21-2 (Castine), 21-3, (Luna), 21-4 (Tablas-Tozo)). The joint motion asks the Court to approve, as fair and reasonable, each proposed confidential settlement agreement that each of the three plaintiffs entered into individually with Defendants. (Dkt. 20, at 1).

## II.  LEGAL STANDARD

The FLSA was enacted to protect all covered workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas–Best Freight Sys.*, 450 U.S. 728, 739 (1981). The FLSA permits suit by "one or more employees for and in behalf of himself or themselves and other employees similarly situated" to recover unpaid minimum wages, overtime compensation, and liquidated damages from employers who violate the statute's provisions. 29 U.S.C. § 216(b). An FLSA collective action follows an "opt-in" procedure in which "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

FLSA claims "may be compromised" after a court reviews and approves a settlement. *Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714, 736 (W.D. Tex. 2010); *Sims v. Hous. Auth. City of El Paso*, 2012 WL 10862119, at *2 (W.D. Tex. Feb. 29, 2012) (noting a dearth of Fifth Circuit precedent on this issue). Courts may approve a settlement if it reflects "a reasonable compromise over issues" that are "actually in dispute."  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). "The primary focus of the Court's inquiry in deciding whether to approve the settlement of a FLSA

collective action is not on due process concerns as it would be for a Rule 23 class action . . . . Rather[,] the Court primarily focuses on ensuring that an employer does not take advantage of its employees in setting their claim for wages." *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008).

### III. DISCUSSION

In reviewing a settlement of FLSA claims, the reviewing court must determine whether there is a bona fide dispute and whether the settlement is a "fair and reasonable resolution" of that dispute. *Lynn's Food Stores, Inc.*, 679 F.2d at 1355.

### A. Bona Fide Dispute

First, courts must look to "whether there exists a bona fide dispute" under the FLSA. *Martinez c. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005). The FLSA requires that employers pay overtime compensation to employees who work more than 40 hours in a workweek. 29 U.S.C. § 207(a)(1). The Act exempts from this requirement any employee who works in a bona fide executive, administrative, or professional capacity. *Id.* § 213(a)(1). The FLSA requires that non-exempt employees be compensated at the overtime rate of at least one and one-half times their regular rate for hours worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1).

Defendants dispute the substantive allegations of Plaintiffs' claims. DHL denies that Plaintiffs were non-exempt employees who engaged in commerce under the FLSA, (Dkt. 14, at 7, 21), and that it ever employed Plaintiffs as delivery drivers or couriers, (*id.* at 10, 12, 15). Both Defendants deny that they required the Plaintiffs to work in excess of 40 hours per week. (Answer, Dkt. 14, at 12, 19–21; Answer, Dkt. 15, at 11). They also deny that they terminated Castine in retaliation for engaging in protected activity. (Dkt. 14, at 23–24; Dkt. 15, at 12). The Court concludes that there are bona fide disputes in this case, including whether Plaintiffs were employed by Defendants within the meaning of the FLSA, whether Plaintiffs were denied overtime

compensation, and whether Defendants retaliated against Castine for engaging in protected activity under the FLSA.

### B. Fair and Reasonable Resolution

Having found a bona fide dispute, the Court looks to whether the proposed settlement agreements are fair and reasonable. In determining whether the settlement agreements are fair and reasonable, "there is a strong presumption in favor of finding a settlement fair." *Sims v. Hous. Auth. City of El Paso*, 2012 WL 10862119, at *3 (W.D. Tex. Feb. 29, 2012) (quoting *Domingue v. Sun Elec. & Instrumentation, Inc.*, 2010 WL 1688793, at *1 (M.D. La. 2010)). The fact that a "settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Id.* "[T]he Rule 23(e) standard encompasses the 'fair and reasonable' settlement standard of the FLSA collective action, and cases interpreting Rule 23(e) are analogous and applicable to the instant FLSA action." *Dyson v. Stuart Petroleum Testers, Inc.*, 1:15-CV-282, 2016 WL 815355, at *2 (W.D. Tex. Feb. 29, 2016) (quoting *Altier v. Worley Catastrophe Resp., LLC*, Civ. A. Nos. 11–241, 11–242, 2012 WL 161824, at *14 (E.D. La. Jan. 18, 2012)). The Court thus considers six factors:

> (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles [to] prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members.

*Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982).

The Court has reviewed the terms of the confidential settlement agreements and concludes that these settlements are fair and reasonable. There is no evidence before the Court of any fraud or collusion. The parties are represented by counsel, engaged in mediation, and reached a settlement as a result. Plaintiffs filed this suit in June 2018, and the parties engaged in mediation in order to avoid the expense and burden of litigation. This approach was successful. Alternatively, this case would be in the early stages of litigation had the parties not reached a compromise. Settlement at this stage

would thus reduce the expense of further litigation. As noted above, the parties disagree about fundamental legal and factual issues on Plaintiffs' claims. The Court has evaluated the amount of recovery each individual plaintiff received. Finally, the parties are represented by counsel, and all agree that the settlement is a fair and reasonable compromise of the claims in this action. In light of the fact that the Court never certified a class, these settlement agreements represent a compromise between the individual plaintiffs and the Defendants. The Court finds that the above factors weigh in favor of approving each of the four settlement agreements filed under seal.

## IV. CONCLUSION

The Court finds that the settlement agreement is a fair and reasonable settlement of a bona fide dispute. Accordingly, **IT IS ORDERED** that the parties' Joint Motion for Approval of Settlement, (Dkt. 20), is **GRANTED**, and the settlement is **APPROVED**.

**IT IS FURTHER ORDERED** that this action is **STAYED**. The parties are **ORDERED** to submit a status report with this Court on or before February 1, 2019. **IT IS FURTHER ORDERED** that the parties are to submit a joint stipulation of dismissal with prejudice no later than fourteen (14) days after Plaintiffs' attorneys receive the final disbursement of payments specified in the settlement agreements.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED AS MOOT**.

**SIGNED** on November 2, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE